FILED
2016 Jan-12 PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONNA FRANKLIN, as Personal Representative of the Estate of RAY FRANKLIN, Deceased,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | **Case No.: 2:11-CV-2731-VEH-SGC** |
| ) | |
| **v.** ) | |
| ) | |
| **DANA HOLDING CORPORATION, ET AL.** )<br>)<br>) | |
| **Defendants.** )<br>) | |

## MEMORANDUM OPINION AND ORDER

This diversity action, by Donna Franklin ("Franklin") against Dana Holding Corporation ("Dana"), Eaton Corporation ("Eaton"), Rockwell Automation, successor by merger to Allen-Bradley Co., LLC[1] ("Rockwell"), et al. (collectively, "Defendants") alleges that Defendants manufactured asbsestos that caused Ray Franklin's asbestosis and, ultimately, his death. Now pending before the court are a Report and Recommendation on motions by Rockwell and Eaton to make the

---

[1] Rockwell was sued under an incorrect name. The correct listing should have been "Rockwell Manufacturing Co.," although Rockwell has been succeeded by Flowserve US, Inc. ("Flowserve"). Since Flowserve refers to itself as Rockwell, *see* doc. 24 at 1, the court will as well.

MDL's grant of summary judgment in their favor final under Rule 54(b). For the following reasons, the court declines to adopt the Report and Recommendation, and the motions will be **DENIED**.

I. **Procedural Background**

This case was removed to federal court on July 29, 2011. (Doc. 1). While the complaint, as filed in state court, included both worker's compensation claims and asbestos injury claims against incompletely diverse defendants, the state trial judge severed the worker's compensation claims from the asbestos claims. (Doc. 1). This knocked out the non-diverse defendants, so removal was proper thereafter. (Doc. 1). But when the case got to this court containing only issues of asbestos injury, the Judicial Panel on Multidistrict Litigation ordered it transferred to MDL 875 in the Eastern District of Pennsylvania. (Doc. 16). Almost four years passed before the case alighted in the Northern District of Alabama on April 7, 2015. (Doc. 19).

In July of 2015, Eaton and Rockwell informed the court that summary judgment had been granted by MDL 875 in their favor, and they requested that the order be made final pursuant to Rule 54(b). (Docs. 22 & 24). Franklin did not respond to either of these motions. The magistrate judge who was then presiding over the case issued a Report and Recommendation ("R&R") recommending that the motions be granted. (Doc. 26). Franklin filed a response to the R&R clarifying

that she still opposed the grant of summary judgment on which the Rule 54(b) motion was predicated, but she supported granting the instant motion. (Doc. 26).

## II. Discussion

Rule 54(b) provides, in relevant part: "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." Id. "Rule 54(b) relaxes 'the former general practice that, in multiple claims actions, all the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them.'" *Gelboim v. Bank of America Corp.*, 135 S.Ct. 897, 902 (2015) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 434 (1956)). The Rule is "thus aimed to augment [...] appeal opportunity." *Gelboim*, 135 S.Ct. at 903.

A court must conduct a two-step analysis to test the propriety of a Rule 54(b) order. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). First, the court must determine that the predicate judgment is "final." *Id.* "[W]ithout question," *In re Southeast Banking Corp.*, 69 F.3d 1539, 1550 (11th Cir. 1995), a

complete grant of summary judgment against select parties is a final judgment within the meaning of Rule 54(b). *Cf. id.* (dismissing an entire complaint against select parties is final judgment).

Second, the district judge must "determine whether there is any just reason for delay." *Id.* at 8. In this case, all of the pressure is on the second prong, but neither the parties nor the magistrate have conducted any analysis to suggest why there is no just reason for delay. "A district court's bare statement that there is no just reason for delay does not suffice," *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997), so neither does a party's. *See* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2659 at 105 (4th ed. 2014) (quoting *Panichella v. Penn. R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958) ("54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel.")).

Rather, the district court must consider the equities of the situation in light of judicial administrative interests, *see Curtiss-Wright*, 466 U.S. at 8, only issuing 54(b) orders "conservatively." *Ehbrahimi*, 114 F.3d at 166. And it cannot adequately consider the issue without a showing by the moving party that some hardship would result unless the normal rule—delay of appeal until resolution of the entire case—is set aside. *Burlington Northern R. Co. v. Bair*, 754 F.2d 799, 800

(8th Cir. 1985); *accord Vann v. Citicorp Sav. of Ill.*, 891 F.2d 1507, 1509–10 (11th Cir. 1990) (reserving 54(b) orders for the "infrequent harsh case").[2]

Here, the extent of Eaton's analysis on step two is "the October 10, 2014 Order held that Eaton was entitled to judgment as a matter of law and disposed of all claims against Eaton. As such, there is no just reason for delay." (Doc. 22 at 3–4). This conflates step one with step two and is insufficient. Rockwell's analysis suffers from the same flaw. (*See* Doc. 24). The magistrate judge merely stated that "[h]aving examined the record, the undersigned is unable to discern a just reason to delay entry of final judgment." (Doc. 26 at 2). Because this is only a boilerplate recitation of 54(b)'s requirement, it is insufficient to justify granting the motion. *See Ebrahimi*, 114 F.3d at 167.

### III. **Conclusion**

There are two prerequisites to the grant of a 54(b) motion, and there is no showing sufficient to satisfy the second prong in this case. Therefore, the court declines to adopt the magistrate judge's Report and Recommendation. Eaton and

---

[2] The court is mindful that, in *Curtiss-Wright*, the Supreme Court cautioned against using the "infrequent harsh case" standard as an inflexible rule, instead vesting the district courts with discretion to issue 54(b) orders. 446 U.S. at 9–10. Since that case was decided, however, the Eleventh Circuit has endorsed the view that the party's hardship should inform the district court's discretion. *See Southeast Banking*, 69 F.3d at 1547.

Rockwell's motions are **DENIED**.[3]

    **DONE** and **ORDERED** this 12th day of January 2016.

                                                      */s/ Virginia Emerson Hopkins*
                                         **VIRGINIA EMERSON HOPKINS**
                                         United States District Judge

---

[3] This denial is without prejudice to their ability to file a Rule 54(b) motion that satisfies its second requirement.