# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| DONNA FRANKLIN, Administratrix of the Estate of Ray Franklin, deceased, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 1:11-cv-02731-SGC<br>) |
| DANA COMPANIES, LLC, f/k/a Dana Corporation, et al., | )<br>)<br>) |
| Defendants. | ) |

# **REPORT AND RECOMMENDATION**

This matter was originally removed from the Circuit Court of Calhoun County, Alabama on July 29, 2011. (Doc. 1). On September 6, 2011, the case was transferred for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania in MDL 875, In Re: Asbestos Products Liability Litigation (NO. VI). (Doc. 16). On April 7, 2015, the Judicial Panel on Multidistrict Litigation entered an order remanding the remaining claims to this court, except that severed claims for punitive or exemplary damages remained with MDL 875. (Doc. 19). Accordingly, the claims presently before the court concern allegations of product liability against Dana Companies, LLC. (*See id.* at 1; Doc. 22 at 2; Doc. 34 at 4).

Presently pending are: (1) Dana's motion for summary judgment (Doc. 47); and (2) a motion to strike filed by Plaintiff, Donna Franklin, regarding Dana's motion for summary judgment (Doc. 48). The undersigned stayed briefing on the motion for summary judgment pending a hearing on the motion to strike. (Doc. 49). As explained below, the motion for summary judgment is in reality a renewed motion for summary judgment which depends on the same arguments presented to, and repeatedly rejected by, the Eastern District of Pennsylvania (the "MDL Court"). The undersigned has previously denied Dana's motion for leave to file a motion for summary judgment renewing the arguments presented to the MDL Court. (Doc. 40; *see* Doc. 37). Accordingly, Dana's motion for summary judgment is due to be denied as an impermissible renewed motion.

## I. BACKGROUND

This case concerns claims arising from Ray Franklin's exposure to asbestos. After transfer to the MDL Court, Ray Franklin passed away and his administratrix, Donna Franklin, was substituted as the plaintiff. (*See* Doc. 34 at 3). The claims against Dana concern Ray Franklin's employment at Thompson Tractor Company, where he was allegedly exposed to asbestos by Dana products. (*See* Doc. 47 at 3).

### A. MDL Court Proceedings

Prior to remand, Dana filed a motion for summary judgment with the MDL Court. (*See* Doc. 37 at 2-4). Dana describes the motion as asserting "Plaintiff had

produced insufficient evidence to establish (1) that Decedent Ray Franklin was ever exposed to asbestos from a Dana product or (2) that Decedent's exposure to asbestos from a Dana product, if any, was a substantial factor in causing Decedent's injury." (Doc. 37 at 2). The MDL Court, relying on testimony from three of Ray Franklin's co-employees, found "Plaintiff has provided evidence that Decedent worked with asbestos-containing Dana clutches while performing (and around others who were performing) clutch removal and replacement work." (Doc. 51-1 at 7). Accordingly, the MDL Court denied Dana's motion for summary judgment. (*Id.* at 8). The MDL Court also denied Dana's two subsequent motions for reconsideration concerning the denial of summary judgment. (*See* Doc. 37 at 4-5).

## B. Denial of Leave to File Renewed Motion for Summary Judgment

After remand to this court, Dana moved for leave to file a renewed motion for summary judgment. (Doc. 37). The main thrust of the motion was that the MDL Court incorrectly determined Franklin was exposed to asbestos from Dana products. (*Id.* at 2-5). Dana also contended the MDL Court failed to consider an affidavit averring that it had ceased manufacturing asbestos-laden products approximately ten (10) years prior to Franklin's employment working with Dana's products. (*Id.* at 5). These were the same arguments Dana presented to the MDL Court in its motions for reconsideration. (*Id.*).

3

On December 29, 2016, the undersigned denied Dana's request to file a renewed motion for summary judgment, largely on grounds of judicial economy. (Doc. 40). The order relied on the *Manual for Complex Litigation,* which states:

> Although the transferor judge has the power to vacate or modify rulings made by the transferee judge, subject to comity and "law of the case" considerations, doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.

(*Id.* at 4) (quoting MANUAL FOR COMPLEX LITIGATION (4th ed.) § 20.113 (2004)). The undersigned found Dana had not demonstrated a "'significant change of circumstances' in this case which would justify reopening the centralized pretrial proceedings." (*Id.* at 5) (quoting MANUAL FOR COMPLEX LITIGATION § 20.113).

Differentiating this case from cases Dana relied upon as examples in which courts had reexamined orders entered by MDL courts, the order concluded

> None of the foregoing cases cited by Dana involve—absent an accompanying clear error of law—a wholesale redetermination and reinterpretation of the MDL Court's findings regarding material facts. To revisit this closed question here would frustrate the purpose of consolidated pre-trial proceedings.

(*Id.* at 6). Accordingly, the undersigned denied Dana's motion for leave to file a renewed motion for summary judgment, foreclosing reconsideration of arguments decided by the MDL Court. (*See id.*).

### C. The Undersigned's Scheduling Order

Following entry of the order denying Dana leave to file a renewed motion for summary judgment, the undersigned conducted a telephone scheduling conference on January 11, 2017, concerning the remaining pretrial deadlines. During the telephone conference counsel for Dana requested a dispositive motion deadline concerning the element of causation. When the undersigned noted that leave to file a renewed motion for summary judgment had been denied, Dana's counsel explained that the parties were conducting additional discovery regarding causation and that any dispositive motion presented to this court would address issues not presented to the MDL Court. On that basis, the undersigned entered a Scheduling Order setting a dispositive motion deadline "limited to the issue of causation." (Doc. 43). Although not explicitly stated, read in conjunction with the order denying leave to file a renewed motion for summary judgment and the discussion during the telephone status conference, the Scheduling Order precluded a motion summary judgment based on arguments presented to the MDL Court and the MDL Court's factual determinations.

## II. RENEWED MOTION FOR SUMMARY JUDGMENT

Dana filed a timely motion for summary judgment. (Doc. 47). However, while phrased as seeking summary judgment on the basis of causation, the motion actually attempts to re-litigate Ray Franklin's exposure to asbestos via Dana's

5

products. (*See* Doc. 47-1 at 1-2). These are the same arguments Dana presented to, and were rejected by, the MDL Court on three occasions: once in denying Dana's motion for summary judgment and twice in denying Dana's motions to reconsider. (*See* Doc. 37 at 2-5). Dana's instant motion essentially reargues the lack of exposure, albeit under the guise of causation:

> To prove that exposure to asbestos from a Dana product caused or contributed to Decedent's injury, <u>Plaintiff must first prove that Decedent was exposed to asbestos from a Dana product</u>. . . . <u>Plaintiff cannot show that Decedent was exposed to asbestos from a Dana product</u> and, in turn, she cannot prove that exposure to asbestos from a Dana product caused Decedent's injury.

(Doc. 47-1 at 20-21) (emphasis added).

Noting the overlap between the instant motion for summary judgment and the motion filed with the MDL Court, Plaintiff moved to strike the instant motion in its entirety.[1] Plaintiff characterizes the motion as an attempt to re-litigate issues of "product identification." (Doc. 48 at 1). Dana takes issue with Plaintiff's characterization of the motion as concerning product identification. However, even the response to the motion to strike acknowledges that the instant motion for summary judgment relies on the argument that the Dana products to which Ray Franklin was exposed did not contain asbestos. (Doc. 50 at 3).

---

[1] Plaintiff's motion also notes that, should the court reconsider the MDL Court's rulings regarding Dana, Plaintiff would seek reconsideration of the MDL Court's grant of summary judgment to other defendants. (Doc. 48 at 2).

6

Nothing presented during the August 30, 2017 hearing on the motion to strike can overcome the conclusion that Dana's instant motion for summary judgment simply repackages the arguments regarding exposure—arguments thrice rejected by the MDL Court.[2] While the instant motion does include new evidence, adjudication of the motion would require reexamination of the MDL's factual determinations regarding Ray Franklin's exposure to asbestos from Dana's products. Accordingly, the undersigned construes the instant motion for summary judgment as a renewed motion for summary judgment. Because the undersigned has already denied leave to renew the arguments presented to the MDL Court (*see* Doc. 40), the instant motion (Doc. 47) is due to be denied on the same basis.

The deadlines for discovery and dispositive motions have expired. (Doc. 43). During the August 30, 2017 hearing, Dana noted it had not deposed certain experts designated by Plaintiff. The Scheduling Order set a discovery deadline of April 29, 2017. (Doc. 43 at 2). The undersigned granted Dana's unopposed motion to extend the deadline—premised on the need to depose experts—by sixty (60) days, making June 28, 2017, the deadline to complete all discovery. (Docs.

---

[2] The motion for summary judgment filed in the MDL court (as described by Dana) relied on the testimony of Ray Franklin's coworkers, Bohannon, Crow, and Olds, as well as Dana's expert witness, Thomas G. Dickson, to show that Ray Franklin was not exposed to asbestos from Dana's products. (Doc. 37 at 2-5). The instant motion for summary judgment also relies heavily on the same evidence to advance the same arguments regarding exposure. (Doc. 47-1 at 6-14). It also relies on Dana's newly-retained experts to argue that Ray Franklin's limited exposure to Dana products containing asbestos would not have caused his illness. (*Id.* 47-1 at 14-17). Thus, while presented as exploring the issue of causation, these arguments and the new expert evidence cited in support largely pre-suppose a lack of exposure to asbestos from Dana's products.

45, 46). The deadline lapsed and no additional motions relating to discovery were filed, either before the deadline passed or during the intervening two months. Accordingly, to the extent Dana's statement during the hearing could be construed as a motion to extend discovery deadlines, it is due to be denied. Finally, because the parties have not unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), this matter is due to be reassigned to a district judge for trial.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** Dana's motion for summary judgment be **DENIED** as an impermissible renewed motion. (Doc. 47). The undersigned **FURTHER RECOMMENDS** Plaintiff's motion to strike be **DENIED** as **MOOT**. (Doc. 48).

### IV. NOTICE OF RIGHT TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), FED. R. CIV. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal, except for plain error. Written objections shall specifically identify the portions of the

proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

**DONE** this 31st day of August, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE