FILED
2018 Aug-01 AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **DONNA FRANKLIN, Administratrix** of the Estate of Ray Franklin, deceased | ] ] ] | |
| **Plaintiff,** | ] ] | |
| v. | ] ] | 1:11-cv-02731-ACA |
| **DANA COMPANIES, LLC, f/k/a Dana Corporation, et al.,** | ] ] ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on a motion for summary judgment and "supplemental briefing" filed by Defendant Dana Companies (Dana). (Docs. 47, 75). Before this motion for summary judgment, Dana had already filed a motion for summary judgment, which was denied, two motions for reconsideration of that denial, which were denied, and a motion for leave to file a renewed motion for summary judgment, which was denied. The court construes this motion for summary judgment to (1) seek permission to file a successive motion for summary judgment and (2) seek reconsideration of the denial of Dana's first motion for summary judgment.

For the reasons set out in this opinion, the court **DENIES** the motion because Dana raised its current argument in its first motion for summary judgment,

and Dana has not presented the court with any evidence warranting reconsideration.

## I. BACKGROUND

On May 5, 2011, Ray and Donna Franklin filed this action in the Calhoun County Circuit Court, naming a number of defendants, including Dana. (Doc. 1 at 2). The complaint alleged various claims arising from Mr. Franklin's exposure to asbestos. (Doc. 1-2 at 16–64). The defendants removed the action on July 29, 2011. (*Id.*). In September 2011, the United States Judicial Panel on Multidistrict Litigation (MDL) transferred the action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings being conducted there.[1] (Doc. 16).

On October 23, 2011, Mr. Franklin died of respiratory failure caused in part by asbestosis. (MDL Doc. 8-1). Ms. Franklin, as Administratrix of Mr. Franklin's estate, continued to prosecute the action, adding claims for wrongful death and loss of consortium. (MDL Doc. 23; *see also* MDL Doc. 20-1).

The MDL court entered a scheduling order requiring the parties to complete discovery by November 30, 2012, but permitting the parties to serve their expert reports outside the discovery deadline. (MDL Doc. 37). Ms. Franklin's expert

---

[1] The case number in the Eastern District of Pennsylvania was 2:11-cv-67659-ER. The court will cite to documents from that court's docket as "MDL Doc __."

reports were due by December 31, 2013, and Dana's expert reports were due by February 24, 2013. (*Id.*; MDL Docs. 63, 67). Dispositive motions were due by March 14, 2013. (MDL Doc. 37).

Dana timely moved for summary judgment (the "first motion for summary judgment") on the basis that there was insufficient evidence Mr. Franklin had ever been exposed to asbestos fiber from a Dana product or that a Dana product was a substantial cause of Mr. Franklin's illness and death. (MDL Docs. 69, 69-1). The MDL court denied Dana's motion for summary judgment, relying in part on an affidavit from a former co-worker of Mr. Franklin named Beverly Olds. (MDL Doc. 101 at 6–7). Specifically, the MDL court found that:

> Plaintiff has provided evidence that [Mr. Franklin] worked with asbestos-containing Dana clutches while performing (and around others who were performing) clutch removal and replacement work. He also states that sometimes other employees would blow off the clutches, spreading dust. . . .
>
> [T]here is evidence that, beginning in 1994, [Mr. Franklin] did removal and replacement work with Dana asbestos-containing clutches, and because it is common knowledge that such work results in creation and disturbance of dust from the product (from friction, etc.), a reasonable jury could conclude from the evidence that [Mr. Franklin]'s illness was caused by exposure that was attributable to [Dana].

(*Id.* at 7).

Dana moved twice for reconsideration of that decision, and the MDL court denied both motions. (MDL Docs. 104, 110, 116, 124). Dana's first motion for

3

reconsideration rested on the argument that the MDL court erred in relying on an affidavit of Mr. Olds that the court had struck in an earlier order. (MDL Doc. 104). The MDL court, in denying the first motion for reconsideration, stated that "even without the stricken affidavit of Beverly Olds, Plaintiff has pointed to deposition testimony of Mr. Olds, in the record, that provides the necessary testimony of asbestos exposure from Dana clutches." (MDL Doc. 110 at 1 n.1). In its second motion for reconsideration, Dana argued that Mr. Olds' deposition testimony did not establish that he had any knowledge about whether Dana clutches contained asbestos or whether Mr. Franklin worked with or around any Dana clutches. (MDL Doc. 116 at 10). The MDL Court denied the second motion for reconsideration on the basis that Dana had not shown an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law or to prevent manifest injustice. (MDL Doc. 124).

In November 2014, the MDL court suggested remand to the Northern District of Alabama for resolution of all matters except punitive damages. (MDL Doc. 125). In December, the MDL panel entered a conditional remand order. (*See* Doc. 75-3 at 1; Doc. 72-2). Dana moved to vacate the conditional remand order because (1) "the parties did not have an opportunity to conduct discovery regarding the opinions expressed in the expert reports" and (2) it had recently discovered that Ms. Franklin had filed another lawsuit seeking damages for the same claims

4

asserted in the MDL case, but she had not disclosed the existence of that second action. (Doc. 75-3 at 3). Ms. Franklin responded that she had "no objection to further discovery, for example, of experts, to take place in the present case." (Doc. 75-1 at 2). Noting that pretrial proceedings did not have to be completed before remand, the MDL panel remanded the action to the Northern District of Alabama. (Doc. 75-2 at 2).

In March 2016, back in the Northern District of Alabama, Dana moved for leave to file a renewed motion for summary judgment. (Doc. 37). The magistrate judge assigned to the case denied Dana's motion, explaining that no change of circumstances in the case justified reconsidering the MDL court's denial of summary judgment. (Doc. 40 at 4–6). However, after denying the motion, the magistrate judge entered a scheduling order allowing the parties to file "dispositive motions, limited to the issue of causation." (Doc. 43).

After completing additional discovery, Dana moved for summary judgment (the "second motion for summary judgment"), contending that Ms. Franklin had presented no evidence showing that Mr. Franklin had been exposed to asbestos from a Dana product. (Docs. 47, 47-1). Dana's motion was primarily based on two "new" pieces of evidence. First, Dana presented a transcript from a 2014 deposition of Mr. Olds taken in Ms. Franklin's other lawsuit. (Doc. 47-1 at 8–13). Dana argued that Mr. Olds' 2014 testimony "reaffirmed" that his "unfounded and

5

incompetent opinion" could not establish that Dana exposed Mr. Franklin to asbestos. (*Id.* at 23–24). Second, Dana presented an expert report and deposition testimony by Mary Finn, a certified industrial hygienist, who opined that Mr. Franklin's work for Dana did not increase his risk for developing asbestosis. (Doc. 47-1 at 14–16).

Ms. Franklin moved to strike the second motion for summary judgment. (Doc. 48). The magistrate judge recommended granting the motion to strike because the second motion for summary judgment was "in reality a renewed motion for summary judgment which depends on the same arguments presented to, and repeatedly rejected by, the Eastern District of Pennsylvania," and she had already denied Dana permission to file such a motion. (Doc. 52 at 2). Dana filed objections to that recommendation and, while those objections were pending, the case was reassigned to a district judge. (Docs. 54, 59).

The district court held a hearing on Dana's objections. (Doc. 69). At the hearing, Ms. Franklin argued that Dana's second motion for summary judgment was based on an issue that Dana could have—but did not—raise before the MDL court in the first motion for summary judgment. (Doc. 74 at 80). After the hearing, the court ordered Dana "to file a motion and brief on . . . why the issues it wants to raise before the Court could not have been raised during the MDL proceedings; alternatively, [it] can also move to reconsider the findings from the

6

MDL court."[2] (Doc. 73 at 1–2). The court ordered Ms. Franklin to "respond on procedural grounds, if [she] so [chooses] (i.e. that these issues could have been raised before the MDL and should not be heard here)." (*Id.* at 2).

As ordered by the court, Dana filed a "supplemental brief" in support of its second motion for summary judgment, addressing (1) whether it may file a successive motion for summary judgment based on Dr. Finn's expert opinion; (2) whether Dr. Finn's expert opinion entitles it to summary judgment; and (3) whether the court should reconsider the MDL court's denial of Dana's first motion for summary judgment. (Doc. 75 at 1–2). Because the court ordered the parties to brief only the first and third issues, the court will not address Dana's arguments about the substantive merit of its second motion for summary judgment. Instead, the court construes Dana's motion and briefing to seek permission to file a successive motion for summary judgment and to seek reconsideration of the MDL court's denial of Dana's first motion for summary judgment.

---

[2] After the hearing, the court entered an order stating that "[t]he Amended Objections . . . are GRANTED in part, and otherwise DENIED, as set out in the hearing." (Doc. 73 at 1). The case has since been reassigned to the undersigned. (*See* Doc. 79). The undersigned has reviewed the transcript of the hearing referenced in that order and is unsure what parts of the objections the court granted and denied. In any event, the court construes Dana's motion and supplemental briefing as set out above. To the extent the court's construction of Dana's motion conflicts with the court's rulings at the hearing, this order supersedes those rulings.

## II. DISCUSSION

1. Motion to File a Successive Motion for Summary Judgment

The court has authority to consider successive motions for summary judgment, but such motions are generally disfavored. *See Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961)[3] ("While we certainly do not approve in general the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised, we do not believe the rules prohibit the consideration by a trial court of a second motion of this nature.").

Dana argues that the court should permit it to file a successive motion for summary judgment because "the issue of whether summary judgment is warranted based on the parties' experts was not ripe for consideration in [the MDL court] due to the lack of expert discovery at that stage of the proceedings." (Doc. 75 at 3). The problem with Dana's argument is that Dana not only could have presented its current causation defense to the MDL court, it *did* present that defense to the MDL court.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before October 1, 1981.

In Dana's first motion for summary judgment, it contended that "there is no evidence that a Dana product was a substantial cause of Mr. Franklin's illness and death." (MDL Doc. 69 at 2). In support of that assertion, Dana presented an expert report from an industrial hygienist, Gayla McCluskey, who opined that:

> Any asbestos exposure Mr. Franklin may have received from the installation or removal of clutches or brake[s] associated with axles would have been minimal and of the same level as background exposure.
>
> For these reasons, and to a reasonable degree of scientific certainty, Mr. Franklin's exposure, if any, to asbestos originating in Dana and Spicer replacement parts would not have increased his risk of developing an asbestos-related disease.

(MDL Doc. 69-2 at 51). The MDL court rejected that argument. (*See* MDL Docs. 101, 110, 124).

To be sure, Dr. Finn's opinion is broader than Ms. McCluskey's opinion. Ms. McCluskey limited her opinion to Mr. Franklin's exposure to "Dana and Spicer replacement parts"; Dr. Finn opines that Mr. Franklin was not at a significant risk for developing asbestosis based on any of his work "with and/or around gaskets, clutches, axles, and transmissions." (Doc. 47-10 at 33). But Dana cannot resurrect an already-rejected argument simply by retaining a new expert to offer a more comprehensive opinion, to correct what it perceived to be the flaw in its earlier attempt at summary judgment. As the former Fifth Circuit said, "defendants might well normally be held to the requirement that they present their

9

strongest case for summary judgment when the matter is first raised." *Allstate Fin. Corp.*, 296 F.2d at 799. The court will hold Dana to that requirement in this case. The court **DENIES** Dana's request to file a successive motion for summary judgment.

 2. Motion for Reconsideration

Dana also requests that this court reconsider the MDL court's denial of the first motion for summary judgment based on Mr. Olds' 2014 testimony in a different case. (Doc. 75 at 11–12). Specifically, it asserts that Mr. Olds' 2014 testimony contradicts the testimony on which the MDL court relied in denying Dana's first motion for summary judgment, making the MDL court's ruling erroneous. (*Id.* at 19).

The court has authority to reconsider an earlier decision, even if a different judge entered the earlier decision. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990). But the court will reconsider a decision only "when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); *see also Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014) ("A motion for reconsideration cannot be used to

relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (quotation marks omitted).

Contrary to Dana's contention, Mr. Olds' 2014 testimony does not contradict his earlier testimony. In 2012, defense counsel asked Mr. Olds: "You wouldn't necessarily be able to look at some automobile part and decipher whether, by looking at it, that part contains asbestos fiber or not?" (Doc. 47-7 at 43–44; MDL Doc. 69-2 at 28–29). Mr. Olds responded: "No." (Doc. 47-7 at 44; MDL Doc. 69-2 at 29). In 2014, Mr. Olds' testified that he "[didn't] know the difference between asbestos and cardboard." (Doc. 47-8 at 13). Accordingly, Mr. Olds' 2014 testimony, while newly available since Dana filed its first motion for summary judgment, is not the type of new evidence that warrants reconsideration of an earlier decision. The court **DENIES** Dana's request to reconsider the MDL court's denial of its first motion for summary judgment.

### III. CONCLUSION

The court **DENIES** Dana's motion to file a successive motion for summary judgment, and **DENIES** Dana's motion for reconsideration of the MDL court's decision denying its first motion for summary judgment.

The court will enter a separate order setting a trial date, scheduling a pretrial conference, and setting a deadline for the parties to file a pretrial order.

**DONE** and **ORDERED** this August 1, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE